IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACEY MICHELLE HINKLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-56-JFH-DES |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Gayle Troutman of Troutman & Troutman, P.C., counsel for Plaintiff ("Counsel"). (Docket No. 27). United States District Judge John F. Heil, III, has referred this motion to the undersigned Magistrate Judge for Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned Magistrate Judge recommends that Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Docket No. 27) be GRANTED, and that $39,298.98 be awarded to Counsel pursuant to 42 U.S.C. § 406(b). The Commissioner has no objection to Counsel's motion. (Docket No. 29).

I.  **Background**

Counsel has represented Plaintiff in her pursuit of disability benefits since 2014. (Docket No. 27 at 1). Throughout the course of representation, Counsel has appealed the Commissioner's decision denying benefits three times and each time Plaintiff's case was remanded for additional proceedings. (Docket No. 27 at 2-4). As the prevailing party in such actions, Plaintiff has been awarded a total of $16,567.80 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). Most recently, the Court reversed the Commissioner's decision denying benefits and

remanded the case for further proceedings on December 27, 2021, following the Commissioner's filing of a motion to remand. (Docket Nos. 19, 20, 21). On this third remand, the Commissioner found Plaintiff had been disabled since June 2009, and Plaintiff was awarded past-due benefits in the amount of $157,195.92. (Docket No. 27-2 at 2-3). The Commissioner withheld a total of $39,298.98 from Plaintiff's award, which represent 25% of the total past-due benefits awarded, to pay attorney fees. (Docket No. 27-2 at 3).

Counsel requests a fee award of $39,298.98, the full amount withheld from Plaintiff's past-due benefits, pursuant to both 42 U.S.C. § 406(b) and the terms of the contingency fee contract between Plaintiff and Counsel. Plaintiff retained Counsel to appeal the Commissioner's adverse decisions denying benefits. As part of this engagement, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past-due benefits ultimately awarded to Plaintiff. (Docket No. 27-1). Such contracts are recognized as valid under prevailing case authority. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

As an initial matter, the undersigned Magistrate Judge finds that Counsel's fee motion was timely filed. A request for fees pursuant to 42 U.S.C. § 406(b) must employ the relief provisions of Fed. R. Civ. P. 60(b)(6) to ensure timeliness. *McGraw v. Barnhart,* 450 F. 3d 493, 505 (10th Cir. 2006). Since Rule 60(b)(6) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), a motion for attorney fees made pursuant to 42 U.S.C. § 406(b) must be filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505. In this District, "no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of a[ward] . . . ." *Harbert v. Astrue,* No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n. 4 (E.D. Okla. Aug. 16, 2010). Here, the Commissioner issued the

2

Notice of Award on June 8, 2023 (Docket No. 27-2 at 1), and Counsel filed her motion for § 406(b) fees fourteen days later, on June 22, 2023. (Docket No. 27). The undersigned Magistrate Judge thus concludes Counsel was diligent and timely in filing the request for § 406(b) fees.

Regarding the amount of fees requested, "Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 932 (10th Cir. 2008). The amount awarded to an attorney for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of the claimant's past-due benefits. *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Although § 406(b) does not displace contingency-fee arrangements for fees up to 25% of the past-due benefits, § 406(b) nonetheless calls for the Court to function as "an independent check" and review contingency-fee arrangements "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results achieved; (2) whether the attorney engaged in any dilatory conduct or provided substandard representation; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case that a "windfall" to the attorney would result. *Id*. at 808. The attorney has the burden of showing that the requested fee is reasonable, and the Court may require the attorney to submit a record of the hours spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingency fee cases. *Id*. at 807-08.

Counsel's requested fee does not exceed either the contractual agreement for 25% of Plaintiff's past-due benefits or the limits of § 406(b). Applying the *Gisbrecht* factors, the Court concludes that the requested fee is reasonable. Counsel secured a fully favorable result for

Plaintifff in the form of a substantial past-due benefits award. Plaintiff's successes on appeal also enabled her to obtain $16,567.80 in attorney fees pursuant to the EAJA, which will essentially reduce any amount awarded from her past-due benefits. Moreover, there is no indication that Counsel caused any undue delay in these proceedings or represented Plaintiff in a substandard manner. Finally, the Court has reviewed the contemporaneous time and expense records and finds the time expended to be reasonable and necessary considering the results obtained. These records indicate Counsel spent 72.4 hours of attorney time and 18.8 hours of paralegal time on this matter, which yields a combined hourly rate of approximately $430.90.[1] The requested fee is not a "windfall" that should be reduced by the Court under *Gisbrecht*, especially considering the fee was contingent and lies within the range of Social Security contingency fee awards in this District.[2] *See, e.g., Wilson v. Kijakazi,* No. CIV-20-202-SPS, 2023 WL 2813623, at *2 (E.D. Okla. Apr. 4, 2023) (unpublished) ($434.22 per hour); *Upchurch v. Comm'r of the Social Security Admin.*, No. CIV-20-245-JFH-SPS, 2023 WL 2700744, at *2 (E.D. Okla. Mar. 13, 2023) (unpublished), *report and recommendation adopted by*, 2023 WL 2692379 (E.D. Okla. Mar. 29, 2023) ($645.00 per hour).

---

1 In her motion, Counsel indicates her firm expended 19.8 hours of paralegal time on this matter. However, the timesheets attached as Exhibit 4 reflect only 18.8 hours of paralegal time. (Docket No. 27-4 at 5, 9, 13).

2 To support the claim that civil actions for Social Security disability benefits have a significant risk of loss, Counsel cites to a 2012 report from the Social Security Advisory Board titled "Aspects of Disability Decision Making: Data and Materials." (Docket No. 27 at 6-7). The undersigned Magistrate Judge notes that such report is the most recent data available from the Social Security Advisory Board regarding federal court decisions in social security disability cases. The undersigned Magistrate Judge further notes that the ratio of awards in a year compared to the number of applications in the same year has been dropping since 2019. *See Social Security Disabled Worker Applications for Disability Benefits & Awards,* Social Security Administration, https://www.ssa.gov/oact/STATS/table6c7.html (last visited July 7, 2023).

Counsel states that, in addition to the $33,298.98 of past-due benefits remaining in the Commissioner's possession,[3] the $16,567.80 EAJA fee award remains available to aid in paying attorney fees awarded pursuant to § 406(b). (Docket No. 27 at 4). However, as Counsel correctly states, the matter of applying a portion of the EAJA fee award to cover the § 406(b) fee award "is a matter to [be] addressed by the attorney and client." (Docket No. 27 at 12). Moreover, because the amount awarded herein pursuant to § 406(b) exceeds the previously awarded EAJA fees, Plaintiff is entitled to a full refund of the smaller EAJA fee award. *See Gisbrecht*, 535 U.S. at 796 (noting fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .") (quotation omitted); *Wrenn*, 525 F.3d at 934 ("If both [EAJA and § 406(b) fees] are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both."); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986) ("To prevent double payment of fees for the same work under both [the EAJA and § 406(b)], however, congress directed that the smaller amount be given to the client."). Thus, Counsel will have to recover any difference between the $39,298.98 fee awarded herein and the amount remaining in the Commissioner's withholding account from Plaintiff herself, and not from her past-due benefits or previous EAJA fee award.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that the Motion for Attorney Fees under 42 U.S.C. § 406(b) (Docket No. 27) be GRANTED, Counsel be awarded $39,298.98 as a reasonable attorney fee pursuant to 42 U.S.C. § 406(b) for Counsel's

---

3 From the $157,195.92 in past-due benefits awarded to Plaintiff, the Commissioner withheld $39,298.98 for attorney fees and paid $6,000.00 to Plaintiff's agency-level representative. (Docket No. 27 at 4). This leaves $33,298.98 available to pay Plaintiff's attorney for appellate representation.

representation of Plaintiff before this Court, and that the Commissioner be directed to pay to Counsel directly the balance of any of Plaintiff's past-due benefits in her possession up to said amount.

IT IS FURTHER RECOMMENDED that upon receipt of the balance of Plaintiff's past-due benefits in the Commissioner's possession, Counsel be ordered to refund to Plaintiff the smaller amount between the EAJA fees previously awarded and the § 406(b) fees awarded herein. *See Weakley,* 803 F.2d at 580.

Any objections to this Report and Recommendation must be filed within fourteen days from the date of the service. *See* Fed. R. Civ. P. 72(b). Failure to object to the Report and Recommendation within fourteen days will preclude appellate review of this decision by the District Court based on such findings.

DATED this __7th__ day of July, 2023.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE